UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RYAN J. M., )
)
      *Plaintiff* )
)
v. ) No. 1:18-cv-00246-JAW
)
ANDREW M. SAUL, )
*Commissioner of Social Security,*[1] )
)
      *Defendant* )

## REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ erroneously (i) failed to consider evidence timely submitted in accordance with 20 C.F.R. § 404.935(a) and (ii) determined that had had no severe mental impairment. *See* Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 11) at 6-10. The commissioner concedes both errors but contends that the plaintiff has failed to show that they were harmful. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 15) at 2-11. I agree and, accordingly, recommend that the court affirm the commissioner's decision.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2021, Finding 1, Record at 31; that he had the severe impairments of degenerative disc disease, bilateral hip degenerative joint disease, obesity, and bilateral knee degenerative joint disease, which was severe in combination with his severe musculoskeletal impairments and obesity, Finding 3, *id.* at 31-32; that he had the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a), Finding 5, *id.* at 37; that, considering his age (33 years old, defined as a younger individual, on his alleged disability onset date, January 1, 2016), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id.* at 46; and that he, therefore, had not been disabled from January 1, 2016, his alleged onset date of disability, through the date of the decision, December 27, 2017, Finding 11, *id.* at 46-47. The Appeals Council declined to review the decision, *id.* at 1-4, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Failure To Consider Evidence

The plaintiff first contends, and counsel for the commissioner conceded at oral argument, that the ALJ erroneously declined to accept evidence on the basis that the plaintiff had failed either to submit it at least five days prior to hearing pursuant to 20 C.F.R. § 404.935 or to argue that he met any recognized exception to that so-called "five-day rule." *See* Statement of Errors at 6-8.[3]

In his statement of errors, the plaintiff asserted that this error was harmful "because the records in question consist of surgical consultations and operative reports from Sebasticook Valley Health Center and physical therapy records from Advanced Health Physical Therapy in 2017, both tending to show that [he] was more limited due to his physical impairments th[a]n was found by the ALJ." *Id*. at 8 (citing Record at 53-75, 76-82). He did not explain how. *See id*

As the commissioner argues, *see* Opposition at 3, this showing is insufficient to warrant remand, *see, e.g., Dax v. Colvin*, No. 1:15-cv-21-JHR, 2015 WL 9473405, at *2 (D. Me. Dec. 28, 2015) (claimant who argued that ALJ committed reversible error in failing to admit evidence

---

[3] The version of 20 C.F.R. § 404.935 in effect at the relevant time provided that a claimant need only submit such evidence, or *inform the commissioner about it*, no later than five business days before a scheduled hearing date. *See* 20 C.F.R. § 404.935(a). There is no dispute that the plaintiff informed the ALJ of the evidence at issue by the deadline to do so. *See* Opposition at 2. The ALJ, thus, erred, in failing to consider the evidence, as did the Appeals Council in finding that the plaintiff "did not have good cause for why [he] missed informing us about or submitting this evidence earlier." Record at 2.

3

pursuant to five-day rule did not make "the showing of prejudice necessary to warrant reversal and remand" when he did "not even address the question of how the contents of the report would require, or even support, a different outcome on the merits of his claim") (citation, internal quotation marks, and footnote omitted).

At oral argument, the plaintiff's counsel elaborated that the omitted evidence demonstrated that his client had flares of lumbar-spine and knee pain requiring injections, which counsel characterized as inconsistent with the ability to sustain sedentary work on an ongoing basis. He asserted that this was so because the plaintiff reported that there were days on which he was not able to engage in some of the activities on which the ALJ relied, such as working out at the gym, and a vocational expert would testify that employers will not tolerate more than one unexcused absence a month. As counsel for the commissioner rejoined, this remains too vague a showing on which to predicate harmful error, the plaintiff having failed to explain how the omitted evidence painted a materially different picture than the evidence on which the ALJ relied.

In any event, as the commissioner suggests, *see* Opposition at 3-8, the contents of the omitted records comport with the ALJ's finding that, while the plaintiff's "symptoms have waxed and waned, and while he has had some flares, they are generally associated with increased physical exertion well in excess of a sedentary work capacity, and have generally responded well to treatment[,]" Record at 39 (citations omitted). *See, e.g.,* Record at 58 (November 24, 2017, report by plaintiff that he was enrolled in a master's degree of social work program through Simmons College), 63 (August 11, 2017, report by plaintiff that an injection for back pain had worked, resulting in an 80 to 85 percent improvement, and that he had been "more active[,]" including participating in water aerobics and walking, although he did get increase in pain with his activities and, therefore, "ha[d] been more careful about long-distance walking"), 79 (August 4, 2017, report

by plaintiff of 95 percent improvement following course of physical therapy for right knee pain, with pain when performing such activities as carrying laundry, walking long distances, or making a quick twisting motion), 82 (October 26, 2017, report by plaintiff of 90 percent improvement following course of physical therapy for right knee pain, left knee pain, and muscle spasm, with greatest functional difficulty climbing stairs, getting in and out of car, getting off of floor, walking on uneven ground, and walking longer than a half mile).

Remand, accordingly, is unwarranted on the basis of this point of error.

### B. Erroneous Finding of No Severe Mental Impairment

The plaintiff next asserts, and the commissioner concedes, that the ALJ erroneously determined that he had no severe mental impairment. *See* Statement of Errors at 8-10; Opposition at 8. Nonetheless, as the commissioner asserts, *see* Opposition at 8-11, the error is harmless.

The ALJ relied on the so-called "Grid," the Medical-Vocational Guidelines contained in Appendix 2 to Subpart P, 20 C.F.R. § 404, to find the plaintiff capable of performing jobs existing in significant numbers in the national economy. *See* Record at 46.

Use of the Grid is appropriate when a rule accurately describes an individual's capabilities and vocational profile. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 462 & n.5 (1983). When a claimant's impairments involve only limitations related to the exertional requirements of work, the Grid provides a "streamlined" method by which the commissioner can meet his burden of showing that there is other work a claimant can perform. *See, e.g., Heggarty v. Sullivan*, 947 F.2d 990, 995 (1st Cir. 1991). However, in cases in which a claimant suffers from nonexertional as well as exertional impairments, the Grid may not accurately reflect the availability of other work he or she can do. *See, e.g., id.* at 996; *Ortiz v. Sec'y of Health & Human Servs.*, 890 F.2d 520, 524 (1st Cir. 1989). Whether the commissioner may rely on the Grid as a "framework" in these circumstances

5

depends on whether a nonexertional impairment "significantly affects [a] claimant's ability to perform the full range of jobs" at the appropriate exertional level. *Ortiz*, 890 F.2d at 524 (citation and internal quotation marks omitted). If a nonexertional impairment is significant, the commissioner generally may not rely on the Grid to meet his Step 5 burden but must employ other means, typically use of a vocational expert. *See, e.g., id.*

Even in cases in which a nonexertional impairment is determined to be significant, however, the commissioner may yet rely exclusively upon the Grid if "a non-strength impairment . . . has the effect only of reducing that occupational base marginally[.]" *Id*. "[A]though a nonexertional impairment can have a negligible effect, ordinarily the ALJ must back such a finding of negligible effect with the evidence to substantiate it, unless the matter is self-evident." *Seavey v. Barnhart,* 276 F.3d 1, 7 (1st Cir. 2001) (citation and internal quotation marks omitted).

As the commissioner concedes, *see* Opposition at 8-9, in finding no severe mental impairment, the ALJ erroneously relied on a March 2016 opinion of agency nonexamining consultant Brian Stahl, Ph.D., completed in connection with an earlier claim, and erroneously stated that agency nonexamining consultant John Petzelt, Ph.D., agreed with that opinion, *see* Record at 34. In fact, all three agency nonexamining consultants who rendered opinions with respect to the instant claim – Mary A. Burkhart, Ph.D., Dr. Petzelt, and Dr. Stahl in a December 2017 opinion – agreed that the plaintiff had a severe mental impairment and that he should not have frequent public contact. *See* Opposition at 8-9.

Nonetheless, as the commissioner notes, *see id*. at 10, the ALJ found, in the alternative, that "even if Dr. Burkhart's restriction of no more than frequent contact with the public had been adopted, it would not substantially erode the unskilled sedentary occupational base[,]" Record at 34 (citations omitted). At oral argument, the plaintiff's counsel correctly observed that this

6

alternative finding, as well, contained an error: Dr. Burkhart indicated that the plaintiff could have *no frequent contact* with the public. *See* Record at 34. Nonetheless, this error, too, is harmless. Even a preclusion from public contact does not undermine reliance on the Grid. *See, e.g.*, *Garcia-Martinez v. Barnhart*, 111 F. App'x 22, 23 (1st Cir. 2004); *Littlefield v. Berryhill*, No. 1:16-cv-486-JCN, 2017 WL 2804898, at *4 (D. Me. June 28, 2017); *Swormstedt v. Colvin*, No. 2:13-cv-00079-JAW, 2014 WL 1513347, at *6 (D. Me. Apr. 16, 2014).[4]

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of June, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[4] At oral argument, the plaintiff's counsel disputed the harmlessness of the error, noting that, in *Boyer v. Colvin*, No. 15-2542, slip op. at 3 (1st Cir. Oct. 5, 2016), the First Circuit held remand warranted to determine whether a limitation to no more than occasional public contact impaired a claimant's ability to perform the full range of unskilled work identified in the Grid. As counsel for the commissioner rejoined, this court rejected a similar argument in *Davenport v. Berryhill*, No. 1:16-cv-00420-NT, 2017 WL 2731304 (D. Me. June 25, 2017) (rec. dec., *aff'd* Sept. 29, 2017), explaining that, "[t]o the extent that the [First Circuit in *Boyer*] remanded the case for a discussion of whether the public interaction limitation affected the ALJ's reliance on the Grid, the result should be limited to the unique circumstances of the case, where the ALJ's purported Step 5 grounds were inaccurate, and thus unclear." *Davenport*, 2017 WL 2731304, at *4. In this case, as in *Davenport*, the ALJ made clear that he relied on the Grid. *Compare id.* at *1 *with* Record at 46.